UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AM INVESTMENTS INC. – DBA ONE STAR | § | |
| | § | |
| V. | § | CIVIL ACTION NO.5:20-CV-816 |
| | § | |
| ALLIED INSURANCE COMPANY | § | |
| OF AMERICA AND TIMOTHY | § | |
| NEIL TULLOUS | § | |

## DEFENDANTS ALLIED INSURANCE COMPANY OF AMERICA'S
## NOTICE OF REMOVAL

Defendant Allied Insurance Company of America (hereinafter "Allied" or "Defendant"),

files this Notice of Removal under 28 U.S.C. § 1446(a) and states as follows:

## I.
## INTRODUCTION

1.      Plaintiff Am Investments Inc. – dba One Star ("Plaintiff") commenced this lawsuit

on June 10, 2020 by filing Plaintiff's Original Petition ("Petition") in the 25th District Court,

Guadalupe County, Texas, Cause No. 20-1331-CV-A.

2.      Plaintiff's Petition names Allied and Timothy Neil Tullous ("Tullous") as

defendants (collectively, "Defendants").  Tullous was the adjuster assigned to Plaintiff's claim

which made the basis of this lawsuit.

3.      Defendant Allied was served with Plaintiff's Petition on June 15, 2020. Plaintiff

demanded a jury trial in the Petition.

4.      Defendant Allied files this Notice of Removal within the 30-day time-period

required by 28 U.S.C. § 1446(b). Tullous does not need to consent to removal because he is

improperly joined as Allied is electing to accept whatever liability Defendant Tullous  might have

to Plaintiff for Tullous' acts or omissions related to the claim at issue.  Pursuant  to Insurance Code

section 542A.006(c), the action against Tullous must be dismissed with prejudice.  But to the extent necessary, Tullous consents to the removal of this action and the requirement that all defendants consent to removal is thus satisfied.

## II.
## BASIS FOR REMOVAL

5.      Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

6.      Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

### A.      Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Allied.

7.      Plaintiff is a Texas Corporation whose principal office is located at 1275 Oak St., Schertz, Texas 78154 in Guadalupe County, Texas.  Accordingly,  Plaintiff is a citizen of Texas for purposes of diversity of citizenship.

8.      Defendant Allied is an insurance company incorporated in the State of Ohio with its principal place of business at One West Nationwide Blvd., Columbus, Ohio 43215.  Allied is thus a citizen of Ohio for diversity jurisdiction purposes.

9.      Allied has provided Plaintiff notice it has elected to accept whatever liability Tullous has to Plaintiff for its acts or omissions related to the claim.  This election is unconditional and irrevocable pursuant to statute. TEX. INS. CODE §542A.006(e) & (f).  Under Insurance Code section 542A.006(c), the action against Tullous must be dismissed with prejudice.

10.      A defendant is improperly joined when there is (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the nondiverse defendant. This second, alternative condition is met when there is no reasonable possibility that the plaintiff might recover against the improperly-joined in-state defendant. A "reasonable

possibility" is more than a mere hypothetical possibility that an action against the nondiverse defendant *could* exist. Because Plaintiff does not have a reasonable possibility of recovery from Tullous in this lawsuit, due to Allied's statutory election to accept his potential liability, Tullous' citizenship should be disregarded.

11.     Because Plaintiff is a citizen of Texas, and Allied is a citizen of Ohio, complete diversity of citizenship exists between Plaintiff and Allied, the only two parties whose citizenship should be considered for diversity purposes.

**B.     Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

12.     If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest and costs, Allied's burden to establish the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.

13.     Here, Plaintiff's Original Petition states: "Plaintiff seeks monetary relief over $200,000 but not over $1,000,000." It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000, exclusive of interest and costs.

### III.
### CONCLUSION

14.     Plaintiff has failed to demonstrate any reasonable possibility of recovering on the claims asserted against Tullous, because Allied has assumed his potential liability pursuant to Texas Insurance Code 542A.006. As such, Plaintiff has no reasonable possibility of recovering against Tullous, and his citizenship is disregarded for purposes of determining diversity.  Because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, removal of this action is proper under 28 U.S.C. § 1332(a).

15.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Guadalupe County, Texas promptly after the filing of this Notice.

16.     Pursuant to 28 U.S.C. Section 1446(a), a copy of each of the following are attached to (or filed with) this Notice of Removal:

        a.     the docket sheet in the state court action as **Exhibit A**; and

        b.     all process, pleadings, and orders filed, issued, or entered in the state court action (as separate attachments arranged in chronological order according to state court filing date as **Exhibit B**).

17.     Defendant also attaches Defendant Allied Insurance Company of America's Rule 7.1 Disclosure Statement as **Exhibit C.**  Defendant also attaches its July 13, 2020 formal notice under Insurance Code Section 542A.006 to accept whatever liability Tullous may have to Plaintiff related to the claim, along with proof of delivery to Plaintiff's counsel, as **Exhibit D.**

18.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

FOR THESE REASONS, Defendant Allied Insurance Company of America requests that this action be removed from the 25th Judicial District Court of Guadalupe County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

        Respectfully submitted,

        **ESPEY & ASSOCIATES, PC**
        12400 San Pedro Avenue, Suite 200
        San Antonio, Texas 78216
        Telephone:     (210) 404-0333
        Telecopier:     (210) 404-0336

By:_____
        RICHARD W. ESPEY
        State Bar No. 06667580
        JONATHAN N. DARNELL
        State Bar No. 24001967
        *Email:  espeyservice@lawespey.com

ATTORNEYS FOR DEFENDANTS

ALLIED INSURANCE COMPANY
OF AMERICA AND TIMOTHY
NEIL TULLOUS
*service by email to this address only

## CERTIFICATE OF SERVICE

I certify that on July 14, 2020, a true and correct copy of the foregoing document has been forwarded through the CM/ECF system which will send notification of such filing to the following:

Marc K. Whyte
Whyte PLLC
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone: (210) 562-2875
Facsimile: (210) 570-2322
Email: mwhyte@whytepllc.com
*Attorney for Plaintiff*

_____
RICHARD W. ESPEY
JONATHAN N. DARNELL